IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00844–REB–KMT

DRIVE SUNSHINE INSTITUTE, and
CLIFF SMEDLEY,

    Plaintiffs,

v.

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE,
MICHAEL CHEROUTES, ESQ., in his capacity as Director of HPTE and as an individual,
TIM GAGEN, in his capacity as Chair of the HPTE Board of Directors and as an individual,
KATHY GILLILAND, in her capacity as Vice-Chair (and at times Acting Chair) of the HPTE Board of Directors and as an individual,
DOUG ADEN, HPTE Board Member, as an individual,
BRENDA SMITH, HPTE Board Member, as an individual,
DON MARISTICA, HPTE Board Member, as an individual,
GARY REIFF, ESQ., HPTE Board Member, as an individual,
TREY ROGERS, ESQ., HPTE Board Member, as an individual,
JANE HICKEY, in her capacity as Secretary of the HPTE Board and as an individual,
JOHN SUTHERS, ESQ., in his capacity as Colorado State Attorney General and as an individual,
KATHRYN E. YOUNG, ESQ., in her capacity as First Assistant Attorney General and counsel for HPTE and as an individual,
JOHN DOE 1, ESQ., in his capacity within the Colorado Solicitor General's Office and as an individual,
JORDAN CHASE, ESQ., in his capacity as Assistant Attorney General and counsel for HPTE and as an individual,
KUTAK ROCK LLP, in its capacity as counsel for HPTE and as an individual,
MICHAEL THOMAS, ESQ., as counsel for HPTE and as an individual,
THOMAS WEIHE, ESQ., as counsel for HPTE and as an individual,
HOGAN LOVELLS US LLP, in its capacity as counsel for HPTC and as an individual,
MIKE MATHEOU, ESQ., as counsel for HPTE and as an individual,
DAVID SCOTT, ESQ., as counsel for HPTE and as an individual,
COLORADO TRANSPORTATION COMMISSION,
COLORADO DEPARTMENT OF TRANSPORTATION,
AMY FORD, in her capacity as HPTE Communications Director and as an individual,
GOLDMAN, SACHS & CO.,
BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
FITCH RATINGS, INC., and

PLENARY ROADS DENVER LLC,

     Defendants.

**SECOND AMENDED ORDER RESETTING RULE 16(b) SCHEDULING CONFERENCE AND RULE 26(f) PLANNING MEETING**

     This case has been referred to Magistrate Judge Kathleen M. Tafoya by District Judge Robert E. Blackburn, pursuant to the Order of Reference filed March 26, 2014.  *See* 28 U.S.C. §636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

     **IT IS HEREBY ORDERED:**

     (1)  The court shall hold a Fed. R. Civ. P. 16(b) scheduling and planning conference on

> **October 6, 2014, at
> 10:00 a.m. (Mountain Time)**.

The conference shall be held in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  If this date is not convenient for any party[1], he or she shall file a motion to reschedule the conference to a more convenient time.  **Please remember that anyone seeking entry into the Byron Rogers United States Courthouse will be required to show valid photo identification.  See D.C.COLO.LCivR 83.2B.**

     A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at http://www.co.uscourts.govwww.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms (Scroll down to the bold heading "Standardized Order Forms").  Parties shall prepare the proposed scheduling order in accordance with the Court's form.

     The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures, on or before:

> **5:00 p.m. (Mountain Time) on
> September 29, 2014.**

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

Attorneys and/or *pro se* parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office.  However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties.

(2)  In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with Fed. R. Civ. P. 26(f).  The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference.  All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/discovery plan.  The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which:  (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery.  The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting.  The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation.  The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(3)  The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1). Counsel and parties are reminded that mandatory disclosure requirements

encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(4)  All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR.). Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLO.LCivR. 83.3 prior to the Scheduling/Planning Conference.

Dated this 20th day of August, 2014.

**BY THE COURT:**

_____

Kathleen M. Tafoya